**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| RAYMOND PADILLA, | 3:07-cv-00171-RAM |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| vs. | |
| THE STATE OF NEVADA in relation to the NEVADA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Before the court is Defendants' Motion to Dismiss (Doc. #50.) The court grants the motion and orders that Plaintiff be provided an opportunity to amend his complaint.

## I. BACKGROUND

At all relevant times, Plaintiff was an inmate at Ely State Prison within the Nevada Department of Corrections (NDOC). (Doc. #32 at 1.) In his Supplemental Complaint, Plaintiff names defendants who are administrators, correctional officers, and employees within the NDOC system. After screening pursuant to 28 U.S.C. § 1915A (Doc. # 36), Counts I and II remain in the Supplemental Complaint. Count I alleges that unnamed prison officials assigned Plaintiff a cellmate who posed a threat to his life. Plaintiff alleges that this was in retaliation for his refusal to join an institutional informant program. (Doc. #32 at 9.) In Count II, Plaintiff alleges that when he refused to return to his cell out of safety concerns, he was improperly charged with a disciplinary infraction and denied the right to a fair hearing, including the ability to call witnesses and present evidence in his defense. (*Id*. at 10.)

Based on these allegations, Plaintiff alleges violations of his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to procedural due process and equal protection for each of his claims. (*Id.*) Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages. (Doc. #5 at 14-15.) Defendants move to dismiss based on lack of personal participation and Eleventh Amendment immunity. (Doc. #50 at 4-7.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. All allegations of material fact are construed in the light most favorable to Plaintiff, taking any reasonable inferences drawn from them as true. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). The plaintiff need only give defendants a fair notice of what the claim is and the grounds upon which it rests. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). A Rule 12(b)(6) dismissal may arise from a lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re VeriFone Sec. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993). At minimum, the complaint should plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).

A *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson*, 127 S.Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). However, sweeping conclusory allegations will not suffice. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). In giving liberal construction to a pro se civil rights complaint, the court is not to supply essential elements of the claim that were not initially pled. *Ivey v. Bd. of Regents of*

*the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### III. DISCUSSION

A claim brought under 28 U.S.C. § 1983 requires a specific relationship between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of §1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Here, while Plaintiff has named numerous defendants in the caption of his complaint, he has failed to link them with an affirmative act or omission that violated his constitutional rights. Indeed, plaintiff fails to specifically allege that any individual acted to violate his constitutional rights in the complaint and therefore fails to state a viable claim.

Moreover, to the extent that plaintiff has attempted to sue certain defendants under a theory of supervisory liability, plaintiff has not alleged sufficient facts to state a claim. Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior. When a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). Plaintiff must allege facts indicating that supervisory a defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented a policy "so deficient that the policy itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff has failed to allege any facts against defendants to state a claim for a constitutional violation or for supervisory liability, and therefore the claim is dismissed.

Plaintiff will be granted leave to amend if he can truthfully allege facts linking each named defendant to a violation of his constitutional rights.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (Doc. #50) is **GRANTED** without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that Plaintiff may file a Second Supplemental Complaint within twenty (20) days of the date of entry of this Order correcting the defects described above but with no other revisions. If Plaintiff does not file an amended complaint, the action will be dismissed.

**IT IS FURTHER ORDERED** that the following motions are **DENIED AS MOOT** and may be renewed as necessary if Plaintiff properly files a Second Supplemental Complaint:

- Plaintiff's Motion for Default Judgment (Doc. #65)
- Plaintiff's Motion for Additional Findings (Doc. #67)
- Plaintiff's Motion to Amend Complaint (Doc. #71)
- Defendants' Motion to Strike (Doc. #78)
- Defendants' Motion for Vexatious Litigant Order (Doc. #80)
- Plaintiff's Motion in Support of Second Supplemental Complaint (Doc. #82)
- Plaintiff's Motion to Proceed (Doc. #92)
- Plaintiff's Motion for Preliminary Injunction (Doc. #100)

DATED: March 11, 2009.

_____
UNITED STATES MAGISTRATE JUDGE